IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| FREDERICK C. BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:11-CV-03343-BCW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are Plaintiff Frederick C. Byrd's brief seeking judicial review of a final decision of Defendant Commissioner of Social Security (Doc. #8), the Commissioner's brief in support of the Commissioner's decision (Doc. #12), and Byrd's reply brief (Doc. #13).

This matter involves the appeal of the Commissioner's final decision denying Byrd's applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* ("Act"), and for supplemental security income benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (also the "Act"). The Court may review the Commissioner's final decision pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g). The Court must determine whether the Commissioner's finding that Byrd was not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation omitted). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id.

## BACKGROUND

On January 23, 2009, Byrd filed applications seeking disability insurance benefits under Title II of the Act and seeking supplemental security income benefits based on disability under

- 1 -

Title XVI of the Act. He appeared before an Administrative Law Judge ("ALJ") via video on November 29, 2009. Byrd appeared in Liberty, Missouri, and the ALJ appeared in Albuquerque, New Mexico. On December 2, 2010, the ALJ found Byrd was not disabled as defined under the Act.

The ALJ considered Byrd's impairments using the required five-step sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found Byrd had not engaged in substantial gainful activity since June 6, 2008, the alleged disability onset date. At step two, the ALJ found Byrd had a severe impairment of Charcot-Marie Tooth disease and non-severe impairments of low back pain, carpal tunnel syndrome, intermittent explosive disorder, bipolar disorder, and learning disability. At step three, the ALJ found none of Byrd's impairments equaled a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. Before reaching step four, the ALJ was required to determine Byrd's residual functional capacity ("RFC"). Based on all of the evidence, the ALJ determined Byrd had the RFC to perform a full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b).

The ALJ then determined at step four that Byrd is unable to perform any past relevant work. Before his alleged onset date of disability, Byrd had past relevant work as a welder. Finally, the ALJ found at step five that jobs exist in significant numbers in the national economy that Byrd could perform. Thus, the ALJ found Byrd was not disabled as defined under the Act. The Appeals Council denied Byrd's request for review on July 14, 2011, which made the ALJ's decision the Commissioner's final decision.

Byrd argues the ALJ committed reversible error by failing to give the treating physician's opinion controlling and/or greatest weight. Byrd further argues the ALJ's decision was not supported by substantial evidence on the record as a whole because the ALJ's credibility

determination is unsupported and the ALJ improperly determined Byrd's RFC. Finally, Byrd argues the ALJ committed reversible error by failing to utilize a vocational expert at step five.

## ANALYSIS

Following full briefing by the parties, the Court heard oral argument at a hearing on October 9, 2012. Byrd and the Commissioner each appeared by counsel. Based upon the parties' arguments and a thorough and complete review of the entire administrative record, the Court reverses the Commissioner's final decision and remands this matter for further administrative consideration pursuant to sentence four (4) of 42 U.S.C. § 405(g).

The Court agrees with Byrd and finds the ALJ erred in giving no weight to Dr. Arthur Dick's medical opinion. An ALJ must evaluate every medical opinion received and decide the weight given to the opinion; generally, a medical opinion from a treating source is given more weight than a medical opinion from an examining source. See 20 C.F.R. §§ 404.1527(c), 416.927(c). A "treating source" is broadly defined as a claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." Owen v. Astrue, 551 F.3d 792, 798-99 (8th Cir. 2008) (citing 20 C.F.R. §§ 404.1502, 416.902).

"Under the [Social Security Administration's] regulations, an ALJ must give a treating physician's opinion controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009) (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)). When deciding the weight to afford a treating physician's opinion, an ALJ must consider factors such as the length of the treatment relationship and the

frequency of the examinations. Casey v. Astrue, 503 F.3d 687, 692 (8th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(2)(i)). "[A] treating physician's opinion is afforded less deference [than substantial weight] when the medical evidence in the record as a whole contradicts the opinion." Howe v. Astrue, 499 F.3d 835, 839 (8th Cir. 2007) (citation omitted).

Considering the record as a whole in this case, the Court concludes the ALJ did not assign the proper weight to Dr. Arthur Dick's opinion. Dr. Dick opined Byrd: (a) is capable of lifting less than ten (10) pounds at one time and/or on a frequent basis; (b) can sit for less than one (1) hour, stand and/or walk for two (2) hours total (less than one (1) hour at a time), and must lie down for four (4) hours in an eight (8) hour workday; (c) should not use his hands or feet for repetitive work, simple grasping, or fine manipulation; (d) would not be able to perform jobs requiring bilateral manual dexterity; (e) is unable to balance, bend, stoop, squat, crouch, crawl, kneel, climb, or reach; (f) has moderate limitations against exposure to marked changes in temperature and humidity, dust, and fumes; (g) has mild limitations as to driving automotive equipment; and (h) has a severe limitation against unprotected heights and moving machinery. Dr. Dick constitutes a treating physician because Byrd saw Dr. Dick on three separate occasions – once on November 14, 2008, a second time on May 5, 2009, and also on November 13, 2009. Thus, Dr. Dick's opinion is entitled substantial weight unless the medical evidence contradicts his opinion or his opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques.

The ALJ stated the following reasons that led him to assign no weight to Dr. Dick's opinion: (1) although Dr. Dick is a treating neurologist, he has seen Mr. Byrd only three (3) times since the alleged onset date and has not seen him for about the last year; (2) Dr. Dick references EMG/NCS in support of his opinion but the findings were fairly mild; (3) limitations,

such as no balancing, would lead one to think Byrd must use assistive devices, if not a wheelchair, and Byrd does not even use, nor has Dr. Dick prescribed, a cane; (4) the opinion Byrd cannot climb is inconsistent with Byrd climbing ladders in November 2009; (5) the opinion is not well explained, is not a reasoned analysis that persuasively explains how the proposed limitations are supported by the objective medical evidence, exam findings, and treatment history, and is highly inconsistent with the record as a whole; and (6) the opinion is conclusory and appears to give maximum benefit of the doubt to Byrd's subjective complaints.

The ALJ did not discredit Dr. Dick's opinion for being unsupported by medically acceptable clinical and laboratory diagnostic techniques. Additionally, only three out of the ALJ's six reasons for discrediting Dr. Dick's opinion discuss medical evidence in the record that may contradict the opinion. However, the reason that "limitations such as 'no balancing' would lead one to think Mr. Byrd should use a wheelchair or other assistive device" does not identify any medical evidence in the record in support of this assumption. Furthermore, the reason that "the opinion Mr. Byrd cannot climb is inconsistent with Mr. Byrd's report of climbing a ladder in November 2009" is actually consistent, not inconsistent, with the medical evidence. When Byrd climbed the ladder in November 2009, he lost his balance, fell, and was injured. This evidence is consistent with the opinion that Byrd has no balance and cannot climb ladders. The reason that "Dr. Dick references EMG/NCS in support of his opinion but the findings were fairly mild" is the only stated reason that may be inconsistent with Dr. Dick's opinion, but the EMG also confirmed Byrd has mild carpal tunnel syndrome in both hands. Ultimately, the ALJ failed to articulate the medical evidence in the record as a whole that contradicts Dr. Dick's opinion, and Dr. Dick's opinion was well supported by medically acceptable clinical and laboratory diagnostic techniques.

Accordingly, the ALJ failed to assess and assign the proper weight to Dr. Dick's medical opinion. Specifically, the ALJ lacked sufficient record evidence to discount the opinion made by Byrd's treating physician, Dr. Dick. The Court finds the ALJ's decision to assign no weight to Dr. Dick's opinion was not supported by substantial evidence on the record as a whole. Due to the dispositive ruling on the first issue, the Court will not address the merits of the remaining issues raised by Byrd.

## CONCLUSION

The Court finds the Commissioner's determination that Byrd was not disabled was not supported by substantial evidence on the record as a whole in this matter.

IT IS HEREBY ORDERED, pursuant to sentence four (4) of 42 U.S.C. § 405(g), this matter is reversed and remanded to the Commissioner for further proceedings.

IT IS SO ORDERED.


DATE: <u>February 5, 2013</u>

                                                                                   /s/ Brian C. Wimes
                                                                                   JUDGE BRIAN C. WIMES
                                                                                   UNITED STATES DISTRICT COURT